## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CHANTAL P. MURRAY,

    Plaintiff,

    v.

THE CITY OF DAYTONA BEACH,

    Defendant.

Case No. 6:23-cv-1489-RBD-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the parties' Joint Motion to Approve Award of Attorney's Fees and Costs (Dkt. 24), filed March 18, 2024. At the Court's direction, Plaintiff also filed evidence related to the reasonableness of her request. Dkt. 26. The motion has been referred to me for a Report and Recommendation. Upon consideration, I respectfully recommend the Court grant the motion and award fees and costs in the amount of $10,442.

## I.  BACKGROUND

Plaintiff brought this discrimination lawsuit against the City of Daytona Beach in August 2023. Dkt. 1. The City accepted an offer of judgment in February 2024, thereby agreeing to a judgment for $25,000. Dkt. 21. The Court entered

judgment in favor of Plaintiff on March 4, 2023. Dkt. 23. The parties now jointly move for an order awarding Plaintiff $10,442 in attorney's fees and costs. Dkt. 24.

## II.   LEGAL STANDARDS

For cases arising under Section 1981, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The court calculates reasonable attorney's fees according to the lodestar approach, which entails "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, (1984). The fee applicant bears the burden of providing "specific and detailed evidence" supporting the proposed hourly rate and "records to show the time spent on the different claims." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). But the court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

To aid in analyzing a fee request's reasonableness, the Supreme Court has stated that courts may consider the factors set forth in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] *See Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). Those factors include:

(1) The time and labor required;
(2) The novelty and difficulty of the questions presented;
(3) The skill required to perform the legal service properly;
(4) The preclusion of other employment by the attorney due to acceptance of the case;
(5) The customary fee;
(6) Whether the fee is fixed or contingent;
(7) Time limitations imposed by the client or circumstances;
(8) The amount involved and the results obtained;
(9) The experience, reputation, and ability of the attorneys;
(10) The "undesirability" of the case;
(11) The nature and length of the professional relationship with the client; and
(12) Awards in similar cases.

*Johnson*, 488 F.2d at 717–19.

Finally, under Section 1988, the court may also tax as costs "all reasonable expenses incurred in the case preparation [or] during the course of the litigation." *ACLU of Ga.*, 168 F.3d at 427.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981, like *Johnson. Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

## III.  ANALYSIS

The Court must first consider entitlement to fees. If entitlement is found, the Court then determines the reasonableness of the fee request.[2] Lastly, the Court must consider Plaintiff's request for costs.

### A.     Entitlement

A plaintiff must be a "prevailing party" to recover attorney's fees under Section 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Further, because the purpose of this statute is to ensure effective access to the courts for persons with civil rights grievances, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances render such an award unjust. *Id.* at 429 (quoting a Senate report that quotes *Newman v. Piggie Park Enterprises*, 390 U.S. 400 (1968)).

There can be no doubt Plaintiff prevailed on her claims. Defendant accepted her offer of judgment, and the Court entered judgment in her favor. Dkts. 22, 23. She is therefore entitled to an award of fees under Section 1988 unless such an award is unjust. Absent an objection from Defendant, I find there are no circumstances here that warrant withholding an award of attorney's fees. *See Crowder v. Hous. Auth. of City of Atlanta*, 908 F.2d 843, 850 (11th Cir. 1990) (noting defendants "bear the burden of proving the

---

[2] Though the motion is not bifurcated, as required by Local Rule 7.01(a), I respectfully recommend the Court consider the motion as properly filed.

existence of special circumstances"). Hence, I respectfully recommend the Court find Plaintiff is entitled to an award of attorney's fees.

## B.    Reasonableness

The lodestar approach requires the Court to consider the reasonable hourly rate requested by counsel and the reasonableness of the hours expended.

### i.    Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.* (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). Satisfactory evidence is more than the affidavit of the attorney performing the work, and such evidence "must speak to rates actually billed and paid in similar lawsuits." *Id.*

Plaintiff's counsel requests an hourly rate of $395. Dkt. 26 ¶ 12. For support, he submits his own testimony as well as a recent survey conducted by the Florida Bar. *Id.* (referencing the bar's 2022 Economics and Law Office Management Survey). Based on this evidence, I find that the proposed hourly rate is reasonable for an attorney with more than thirty-years' experience who

handles labor and employment litigation in state and federal courts in Volusia County, Florida.

### ii.   Reasonable Hours

Plaintiff is seeking an award of $10,000 in fees. According to counsel (and his submitted records), he performed more than 47 hours of legal services preparing and prosecuting this case. *See* Dkt. 26 at 3 (attorney declaration), 7–28 (billing records). Based on my review of the records, counsel has shown commendable billing judgment in his handling of this matter. *See Hensley*, 461 U.S. at 437. Although some of the work performed might not be reasonable to impose on Defendant, *see id.* at 434, those entries comprise less than an hour's work in total. Thus, a weighing of the *Johnson* factors would not support much of a reduction in the fees sought here. And because the award sought amounts to almost a 47 percent voluntary discount, I see no benefit to flyspecking the hours sought any further. The award sought is eminently reasonable based on the hours performed.

For this reason, I respectfully recommend the Court grant Plaintiff's request for an award of $10,000 in attorney's fees.

### C.   Costs

Plaintiff also asks the Court to award her $442 in taxable costs. Dkt. 24 at 3. Counsel represents these costs include the Court's filing fee and the cost of a private process server. *Id.*

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). Congress has determined the costs that are recoverable under Rule 54(d). *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Fees paid to the Clerk are allowable taxable costs. 28 U.S.C. § 1920(1); *Strickland v. Air Rescue Air Conditioning, Inc.*, No. 8:15-cv-1017, 2016 WL 11581971, at *4 (M.D. Fla. Aug. 25, 2016), *report and recommendation adopted*, 2016 WL 11581970 (M.D. Fla. Sept. 12, 2016). Fees paid to private process servers are taxable too, provide such fees do not exceed the statutory fees charged by the United States Marshals Service. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The Marshals Service currently charges $65 per hour for service, which is less than the amount sought here. *See* 28 U.S.C. § 1921 (authorizing the Marshals Service to collect fees for serving process); 28 C.F.R. § 0.114 (regulation imposing fee schedule for certain services).

Because the costs sought are taxable and allowable, I respectfully recommend the Court award Plaintiff $442 in costs.

## IV.   RECOMMENDATIONS

Accordingly, I respectfully recommend the Court:

1.      **GRANT** the parties' Joint Motion (Dkt. 24); and

2.      **AWARD** Plaintiff attorney's fees and costs in the amount of $10,442.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on April 11, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record